FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO
DEC 1 8 2017 @ 6:16pm
MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUAN ARVIZO-PENA,

    Petitioner,

v.

    No. 14-CR-04053-SHS-CG
    No. 17-CV-00616-SHS

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, on petitioner Juan Arvizo-Pena's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed on June 5, 2017. [CR Doc. 21] On September 12, 2017, the Honorable Carmen E. Garza, United States Magistrate Judge for the United States District Court for the District of New Mexico, ordered petitioner to show cause why his Section 2255 motion should not be dismissed as untimely pursuant to 28 U.S.C. § 2255(f)(1), since it was filed more than one year after his conviction became final. [CR Doc. 22] On September 28, 2017, petitioner filed a timely response, which appears to seek equitable tolling of the one-year limitation period. [CR Doc. 23] For the reasons explained below, the Court concludes that petitioner is not entitled to equitable tolling and, therefore, his Section 2255 motion will be dismissed with prejudice as untimely filed, a certificate of appealability will be denied, and judgment will be entered.

## I. BACKGROUND

On December 3, 2014, petitioner was charged by information with illegal reentry of a removed alien in violation of 8 U.S.C. §§ 1326(a) and (b). [CR Doc. 10] Petitioner pleaded guilty to the information pursuant to a fast track plea agreement and was sentenced to forty-six months of imprisonment in the custody of the United States Bureau of Prisons. [CR Docs. 13, 17, 18] The Court rendered judgment on petitioner's conviction and sentence on February 10, 2015. [CR Doc. 18] Petitioner did not file a notice of appeal in the United States Court of Appeals for the Tenth Circuit and, therefore, his conviction and sentence became final fourteen days later, on February 24, 2015. *See United States v. Prows*, 448 F.3d 1223, 1227–28 (10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal."); Fed. R. App. P. 4(b)(1)(A) (providing that "a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . the judgment").

On June 5, 2017, petitioner, proceeding *pro se*, filed the present Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [CR Doc. 21] Petitioner alleges that: (1) his trial counsel was ineffective because counsel failed to inform petitioner that he was entitled to a sentence reduction pursuant to Amendment 802 to the United States Sentencing Guidelines; (2) his trial counsel was ineffective because counsel failed to inform petitioner that he was eligible for a fast track plea agreement; (3) petitioner did not understand the terms of the plea agreement due to his limited proficiency in the English language and the poor advice of his trial counsel; and (4) petitioner was ignorant of the law he violated.[1] [CR Doc. 21]

---

[1] Petitioner's motion enumerates five grounds for relief, but grounds one and three appear to be duplicative and have therefore been combined here for the sake of efficiency.

2

On September 12, 2017, Magistrate Judge Garza ordered petitioner to show cause why his Section 2255 motion should not be dismissed as untimely pursuant to 28 U.S.C. § 2255(f)(1). [CR Doc. 22] Judge Garza noted that "Section 2255(f) imposes a one-year statute of limitation on § 2255 motions, which begins to run, in relevant part, on 'the date on which the judgment of conviction becomes final.'" [CR Doc. 22 at 2] Petitioner's conviction became final on February 24, 2015, and the limitation period expired one year later, on February 24, 2016. Petitioner's Section 2255 motion "was not filed, however, until June 5, 2017, more than fifteen months after the expiration of the one-year limitation period." [CR Doc. 22 at 2–3] Judge Garza ordered petitioner to file a "response showing cause, if any exists, why his Motion should not be dismissed as untimely." [CR Doc. 22 at 3]

On September 28, 2017, petitioner timely filed a response to the order to show cause. [CR Doc. 23] In his reasons for untimely motion, petitioner appears to seek equitable tolling of the one-year limitation period, explaining that his Section 2255 motion was not timely filed because he is a "foreigner" without "knowledge concerning federal or state . . . laws," his trial counsel failed to inform him that he "was entitled to file a 2255 motion or any other type of motions," and he has "limited proficiency in the English language." [CR Doc. 23]

II. DISCUSSION

The limitation period in Section 2255(f)(1) is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 634 (2010). However, "this equitable remedy is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). "[A]n inmate bears a strong burden to show specific facts to support his claim of

3

extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (internal quotation omitted).

"[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh*, 223 F.3d at 1220 (internal quotation omitted). Additionally, lack of proficiency in the English language is insufficient to justify equitable tolling. *See Yang*, 525 F.3d at 930; *United States v. Alvarado-Carrillo*, 43 F. App'x 190, 192 (10th Cir. 2002) (unpublished) (rejecting the petitioner's claim that his status as a non-English speaking Mexican citizen, lack of access to legal material or legal assistance, and lack of understanding of the law justified equitable tolling of the one-year limitation period in Section 2255). Indeed, it "is common for the majority of *pro se* prisoners" to need "assistance in understanding the legal process . . . whether or not they have English deficits." *Yang*, 525 F.3d at 930. Therefore, the Court concludes that petitioner's lack of knowledge concerning federal or state law and his lack of proficiency in the English language do not constitute extraordinary circumstances that warrant application of the doctrine of equitable tolling.

Petitioner also appears to request equitable tolling based on the ineffective assistance of his trial counsel, alleging that his counsel failed to inform him that he "was entitled to file a 2255 motion or any other type of motions." [CR Doc. 23] Although "egregious attorney misconduct may constitute 'extraordinary circumstances' that justify equitable tolling," mere attorney negligence does not constitute an extraordinary circumstance because "clients, even if incarcerated, must vigilantly oversee, and ultimately bear responsibility for, their attorneys' actions or failures." *Fleming v. Evans*, 481 F.3d 1249, 1255–56 (10th Cir. 2007) (internal quotation omitted). The alleged failure of petitioner's trial counsel to inform petitioner of his

4

rights pursuant to 28 U.S.C. § 2255 does not "amount to the type of extraordinary circumstances warranting equitable tolling." *Faircloth v. Raemisch*, 692 F. App'x 513, 523 (10th Cir. 2017) (unpublished) (holding that an attorney's incorrect advice regarding tolling of AEDPA's statute of limitations does not amount to the type of extraordinary circumstance that warrants equitable tolling). Even if extraordinary circumstances existed, petitioner has set forth no facts indicating that he pursued his claims with due diligence. *See Yang*, 525 F.3d at 930 (a petitioner "must allege with specificity the steps he took to diligently pursue his federal claims" (internal quotation marks and citation omitted)). Therefore, the Court concludes that petitioner is not entitled to equitable tolling of the one-year limitation period in Section 2255(f)(1).

The Court recognizes that petitioner's Section 2255 motion appears to seek, in relevant part, a sentencing reduction pursuant to Amendment 802 to the United States Sentencing Guidelines, which did not go into effect until November 1, 2016. *See* U.S.S.G. App. C (Supp.) at 146–59 (2016). Given that this change in the guidelines occurred approximately one year and eight months after petitioner's conviction became final on February 24, 2015, it could be argued that the one-year limitation period did not begin to run until "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence" pursuant to 28 U.S.C. § 2255(f)(4). "[A]n amendment to the sentencing guidelines," however, does not constitute "a 'fact' that would reset the one-year statute of limitations under § 2255(f)(4)." *United States v. Harrison*, 680 F. App'x 678, 680 (10th Cir. 2017) (unpublished) (declining to run the one-year limitation period in Section 2255(f) from the effective date of Amendment 794 to the United States Sentencing Guidelines). Therefore, the Court concludes that Section 2255(f)(4) is inapplicable to petitioner's Section 2255 motion. *See id.*

The Court notes that petitioner's motion may be liberally construed as seeking a sentencing reduction under Amendment 802 to the sentencing guidelines pursuant to 18 U.S.C. § 3582(c). *See Roman-Nose v. N.M. Dep't of Human Servs.*, 967 F.2d 435, 437 (10th Cir. 1992) ("The characterization of the action and the claim for relief by a pro se litigant is not dispositive of the availability of relief in federal court."); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). However, the Court is permitted to reduce a term of imprisonment pursuant to Section 3582(c)(2) only if the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). According to the United States Sentencing Commission, "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2)" unless the amendment is listed in U.S.S.G. § 1B1.10(d). U.S.S.G. § 1B1.10(a)(2)(A). Amendment 802 is not listed in U.S.S.G. § 1B1.10(d) and, therefore, sentencing relief is not available under Section 3582(c)(2). *See* U.S.S.G. § 1B1.10(d); *United States v. Avila*, 997 F.2d 767, 768 (10th Cir. 1993) (per curiam) (if an amendment to the guidelines is not listed as a retroactive amendment under Section 1B1.10(d), then it "cannot be applied retroactively and it may not serve as a basis on which to reduce [a defendant's] sentence" pursuant to Section 3582); *United States v. Gonzalez-Ramos*, 690 F. App'x 610, 611 (10th Cir. 2017) (unpublished) ("Because Amendment 802 is not listed in § 1B1.10(d), it does not have retroactive effect and the district court was correct to deny Defendant's [Section 3582] motion."). Therefore, the Court declines to recharacterize petitioner's Section 2255 motion as a Section 3582 motion.

Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District

Courts provides that, when a district court denies habeas relief, it "must issue or deny a certificate of appealability." To be entitled to a certificate of appealability, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Reasonable jurists could not debate this Court's conclusion that petitioner's Section 2255 motion was not timely filed pursuant to Section 2255(f) and, therefore, a certificate of appealability will be denied.

### III. CONCLUSION

IT IS THEREFORE ORDERED that petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [CR Doc. 21] is DISMISSED with prejudice; a certificate of appealability is DENIED; and judgment will be entered.

Dated: New York, New York
       December 18, 2017

SO ORDERED:

*[signature]*

Sidney H. Stein, U.S.D.J.