# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                                  No. 14-CR-04053-SHS-CG
                                                                   No. 18-CV-00557-SHS-CG

JUAN ARVIZO-PENA,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, on Defendant Juan Arvizo-Pena's January 19, 2018 letter, which has been recharacterized as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [CR Doc. 29; *see also* CR Doc. 28] Defendant's § 2255 motion is a second or successive motion filed without the requisite authorization of the United States Court of Appeals for the Tenth Circuit and, therefore, it will be dismissed without prejudice for lack of jurisdiction, a certificate of appealability will be denied, and judgment will be entered.

## I. BACKGROUND

On February 10, 2015, Defendant was convicted of illegal reentry of a removed alien in violation of 8 U.S.C. §§ 1326(a) and (b) and sentenced to forty-six months of imprisonment in the custody of the United States Bureau of Prisons. [CR Docs. 17, 18] Defendant did not file a direct appeal and, therefore, his conviction became final fourteen days later, on February 24, 2015. *See United States v. Prows*, 448 F.3d 1223, 1227–28 (10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take

a direct criminal appeal."); Fed. R. App. P. 4(b)(1)(A) (providing that "a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . the judgment").

More than two years later, on June 5, 2017, Defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [CR Doc. 21] The Court ordered Defendant to show cause why his § 2255 motion should not be dismissed as untimely under 28 U.S.C. § 2255(f)(1), because it was filed more than one year after Defendant's conviction became final. [CR Doc. 22] Although Defendant requested equitable tolling of the one-year limitation period [CR Doc. 23], the Court determined that Defendant was not entitled to equitable tolling because he had failed to establish that extraordinary circumstances prevented him from prompt filing or that he had had been pursuing his rights with due diligence.[1] [CR Doc. 24] The Court therefore dismissed Defendant's § 2255 motion with prejudice and denied a certificate of appealability. [CR Docs. 24, 25]

On January 19, 2018, Defendant filed the present letter in support of his § 2255 motion, alleging that he "got stuck with a higher sentence" due to the ineffective assistance of his trial counsel and that he is entitled to a sentence reduction. [CR Docs. 26, 29] The Court noted that Defendant's "§ 2255 motion no longer is pending on the docket and, therefore, his additional arguments in support of his § 2255 motion are moot." [CR Doc. 28 at 1] To the extent that Defendant asked the Court to reconsider the dismissal of his § 2255 motion, the Court liberally construed Defendant's letter as a motion for relief from judgment under Fed. R. Civ. P. 60(b). [CR Doc. 28 at 2] Because Defendant's Rule 60(b) motion challenged the validity of his underlying

---

[1]To the extent that Defendant appeared to request a reduction in his sentence under 18 U.S.C. § 3582(c) in light of Amendment 802 to the United States Sentencing Guidelines, the Court noted that Amendment 802 was not retroactively applicable and, therefore, sentencing relief was not available under § 3582(c). [CR Doc. 24 at 6]

2

criminal conviction and sentence, rather than his prior habeas proceeding, the Court determined that it was not a "true" Rule 60(b) motion, but rather a second or successive § 2255 motion. The Court therefore recharacterized Defendant's Rule 60(b) motion as a § 2255 motion. [CR Doc. 28 at 2]

## II. DISCUSSION

This is Defendant's second § 2255 motion and it is well established that "[a] district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until [the court of appeals] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam); *see* 28 U.S.C. § 2255(h) (requiring a second or successive motion to "be certified as provided in section 2244 by a panel of the appropriate court of appeals"). A district court may, however, "transfer the matter to [the court of appeals] if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d at 1252. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter . . . for authorization." *Id.* To be meritorious, a second or successive § 2255 motion must be based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(1)–(2).

3

The Court concludes that Defendant's § 2255 motion lacks merit because it is not based on newly discovered evidence or a new rule of constitutional law.[2] Indeed, Defendant's ineffective assistance of counsel and excessive sentence claims were raised in his prior § 2255 proceeding. Defendant's § 2255 motion will therefore be dismissed without prejudice for lack of jurisdiction.

When a district court enters a final order adverse to the applicant in a habeas proceeding, the court "must issue or deny a certificate of appealability." Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. To be entitled to a certificate of appealability, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Reasonable jurists could not debate this Court's conclusion that it lacks jurisdiction over Defendant's second or successive § 2255 motion and, therefore, a certificate of appealability will be denied.

---

[2] In his motion, Defendant requests a reduction in his sentence under "the new first offender guidelines which take effect in 2018." [Doc. 29 at 4] A change to the United States Sentencing Guidelines, however, is not "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h)(2). To the extent that Defendant may be seeking sentencing relief under 18 U.S.C. § 3582(c), he appears to refer to the recently adopted amendment to the application notes of § 5C1.1 of the United States Sentencing Guidelines for nonviolent first offenders. *See* 83 Fed. Reg. 20,145 (May 7, 2018). But this amendment, which is scheduled to go into effect on November 1, 2018, does not amend § 1B1.10 as necessary to allow retroactive application. Any request for relief on this basis would therefore fail for the same reasons as Defendant's previous request for a retroactive sentence reduction under Amendment 802. [*See* CR Doc 24 at 6]

4

## III. CONCLUSION

IT IS THEREFORE ORDERED that Defendant's § 2255 motion [CR Doc. 29] is DISMISSED without prejudice for lack of jurisdiction; a certificate of appealability is DENIED; and judgment will be entered.

Dated: New York, New York
June 29, 2018

SO ORDERED:

Sidney H. Stein, U.S.D.J.